UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACKENZIE P.,[1]<br><br>Plaintiff,<br><br>v.<br><br>LELAND DUDEK, Acting Commissioner of Social Security,<br><br>Defendants. | Case No. 24-cv-06314-PCP<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>Re: Dkt. Nos. 11, 12 |

Plaintiff Mackenzie P. seeks judicial review of an administrative law judge ("ALJ") decision denying her application for child's insurance benefits and disability insurance benefits under Title XVII of the Social Security Act. Plaintiff asks the Court to reverse the Commissioner's decision and remand for further administrative proceedings. For the reasons discussed below, the Court grants Plaintiff's motion for summary judgment and remands this case for further administrative proceedings.

### BACKGROUND

Plaintiff filed this social security application on May 27, 2022. The Commissioner denied Plaintiff's application initially and on reconsideration. Plaintiff requested, and was granted, a hearing before an ALJ. The ALJ took testimony from Plaintiff and a vocational expert. The ALJ subsequently rendered a decision denying the application on May 10, 2024, which became the final order of the Commissioner after Plaintiff's request for review by the Appeals Council was denied. The ALJ's decision is therefore the final decision subject to this court's review. *See* 42

---

[1] Plaintiff's name has been partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

U.S.C. §§ 405(g), 1383(c)(3).

In the opinion, the ALJ first noted that Plaintiff alleged an onset date of October 18, 2013.

The ALJ then applied the five-step sequential analysis used to determine whether an individual is disabled. 20 C.F.R. §§ 404.1520, 416.920.[2]

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date, October 18, 2013.

At step two, the ALJ found that Plaintiff had "the following severe impairments: major depressive disorder, generalized anxiety disorder, attention-deficit hyperactivity disorder, and panic disorder."

At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that met or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." The ALJ considered Listings 12.04 (depressive, bipolar, and related disorders), 12.06 (anxiety and obsessive-compulsive disorders), and 12.11 (neurodevelopmental disorders). These three listings require, in relevant part (the so-called "paragraph B criteria"), a finding of:

> extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:
>
> a.  Understand, remember, or apply information; or

---

[2] The five steps of the inquiry are:

1. Is claimant presently working in a substantially gainful activity? If so, then the claimant is not disabled within the meaning of the Social Security Act. If not, proceed to step two. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).
2. Is the claimant's impairment severe? If so, proceed to step three. If not, then the claimant is not disabled. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).
3. Does the impairment "meet or equal" one of a list of specific impairments described in 20 C.F.R. Part 220, Appendix 1? If so, then the claimant is disabled. If not, proceed to step four. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).
4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is not disabled. If not, proceed to step five. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e).
5. Is the claimant able to do any other work? If so, then the claimant is not disabled. If not, then the claimant is disabled. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).

*Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

    b. Interact with others; or

    c. Concentrate, persist, or maintain pace; or

    d. Adapt or manage oneself.

The ALJ found that Plaintiff had a moderate limitation in (a) understanding, remembering, or applying information; no limitation in (b) interacting with others; a marked limitation in (c) concentrating, persisting, or maintaining pace; and a mild limitation in (d) adapting or managing oneself. Because the ALJ did not find two marked limitations or one extreme limitation, the ALJ held that the requirements of Listings 12.04, 12.06, and 12.11 were not satisfied.

  "Between steps three and four, the ALJ must, as an intermediate step, assess the claimant's [residual functional capacity or] RFC." *Bray v. Comm'r of Social Security Admin.*, 554 F.3d 1219, 1222–23 (9th Cir. 2009). The ALJ found that Plaintiff had

> the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: she is capable of work classified in the Dictionary of Occupational Titles or D.O.T. code with SVP ratings 1 or 2, where job responsibilities are repetitive in nature and the work is not face paced (e.g.[,] no production line pace) with incidental interaction with the general public and no more than occasional interaction with co-workers and supervisors. Further, she is limited to job responsibilities that are performed without tandem work with another co-worker or collaborative teamwork.

  At step four, the ALJ considered Plaintiff's age, education, work experience, and residual functional capacity and found Plaintiff capable of performing jobs that exist in significant numbers in the national economy, such as a lab equipment cleaner, office cleaner, and cleaner II.

**STANDARD OF REVIEW**

  On review, the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). A district court can set aside a denial of benefits only if it is not supported by substantial evidence or based on legal error. *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Sandgathe v. Chater*, 108 F.3d 978, 979 (9th Cir. 1997). "In determining whether the Commissioner's findings are supported by substantial evidence," a district court must review the administrative record as a whole, considering "both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

## ANALYSIS

Plaintiff argues that the ALJ's RFC is unsupported by substantial evidence because it expressly credited the opinion of Dr. Tania Shertock as "persuasive, insofar as the claimant has as much as moderate limitations due to her mental health symptoms," but failed either to account for several moderate limitations identified therein in crafting the RFC finding or to otherwise explain the omission of the limitations.

"The hypothetical an ALJ poses to a vocational expert, which derives from the RFC, must set out all the limitations and restrictions of the particular claimant. Thus, an RFC that fails to take into account a claimant's limitations is defective." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (quotation omitted). The RFC sets forth "the most a [claimant] can still do despite [the claimant's] limitations." 20 C.F.R. § 416.945(a)(1). "[I]n assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (citing *Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims*, SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996)).

Under the regulations that apply to Plaintiff's application, the Commissioner no longer gives specific evidentiary weight to medical opinions, including the deference formerly given to the opinions of treating physicians. Instead, the Commissioner evaluates the "persuasiveness" of all medical opinions in the record based on: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c; *see also Woods v.*

4

*Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022) ("For claims subject to the new regulations, the former hierarchy of medical opinions—in which we assign presumptive weight based on the extent of the doctor's relationship with the claimant—no longer applies."). "Now, an ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence." *Woods*, 32 F.4th at 787. Supportability and consistency are considered the most important factors, and the ALJ is required to explicitly address them in his or her decision. 20 C.F.R. § 404.1520c(b)(2). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant ... objective medical evidence.'" *Woods*, 32 F.4th at 791-92 (quoting 20 C.F.R. R. § 404.1520c(c)(1)). "Consistency means the extent to which a medical opinion is 'consistent ... with the evidence from other medical sources and nonmedical sources in the claim.'" *Id.* at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)).

      Dr. Shertock identified the following about Plaintiff's work-related abilities: that Plaintiff suffered (1) a moderate impairment in "[u]nderstand[ing], remember[ing], and carry[ing] out complex instructions"; (2) a moderate impairment in "maintain[ing] attention and concentration for the duration of the evaluation"; (3) a moderate impairment in "[m]aintain[ing] adequate pace while completing tasks"; (4) a moderate impairment in "[w]ithstand[ing] the stress of an eight-hour day"; (5) a moderate impairment in "[m]aintain[ing] adequate persistence while completing tasks"; (6) a moderate impairment in her "ability to endure the stress of the interview"; (7) a moderate impairment in her "[a]bility to adapt to changes in routine work-related settings"; and (8) a moderate impairment in her "[a]bility to complete a normal workday or workweek without interruptions from the claimant's psychiatric condition." Tr. 356–57. In formulating the RFC, the ALJ noted

> I find the opinion of consultative examiner, Tania Shertock, Ph.D., persuasive, insofar as the claimant has as much as moderate limitations due to her mental health symptoms. Specifically, Dr. Shertock concluded that the claimant can understand, remember, and carry out simple instructions, but has moderate limitations in maintaining attention and concentration, maintaining adequate pace while completing tasks, withstanding the stress of an 8-hour day, and adapting to changes in routine in work-related settings. Limitations to this degree are consistent with the type and degree of treatment

5

> needed. … This is also supported by Dr. Shertock's own examination notes showing a depressed mood, anxious and full range affect with congruent mood, normal perception with no deficits in thought content, thought process, memory skills, insight, or judgment. (Exhibit 4F).

Tr. 26. The ALJ articulated the Plaintiff's RFC as:

> the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: she is capable of work classified in the Dictionary of Occupational Titles or D.O.T. code with SVP ratings 1 or 2, where job responsibilities are repetitive in nature and the work is not face paced (e.g.[,] no production line pace) with incidental interaction with the general public and no more than occasional interaction with co-workers and supervisors. Further, she is limited to job responsibilities that are performed without tandem work with another co-worker or collaborative teamwork.

The government argues that are no inconsistencies between Dr. Shertock's opinion and the RFC and that the ALJ rationally translated Dr. Shertock's opinion into the RFC. But it is plain that while the ALJ explicitly found Dr. Shertock's opinion persuasive, the RFC does not reflect any of the attendance-related limitations identified therein (i.e., Plaintiff's moderate impairment in her "[a]bility to complete a normal workday or workweek without interruptions from the claimant's psychiatric condition"). Relying mainly on *Stubbs-Danielson v. Astrue*, 539 F.3d 1169 (9th Cir. 2008), the government argues that the RFC's limitation to repetitive tasks where the work is not fast paced adequately reflects the limitations identified in Dr. Shertock's opinion. But "[t]he Ninth Circuit and district courts in the Ninth Circuit have held that *Stubbs-Danielson* does not control in cases where the limitations relate to functional areas other than concentration, persistence, and pace, such as … attendance." *Panziera v. Berryhill*, No. 17-CV-02719-LHK, 2018 WL 278623, at *20–21 (N.D. Cal. Jan. 3, 2018) (citing *Betts v. Colvin*, 531 Fed.Appx. 799, 800 & n.1 (9th Cir. 2013) (unpublished) and collecting cases).

Even if the Court were to assume, as the government argues, that Dr. Shertock used the term "moderate" in a manner consistent with SSA's definition when describing Plaintiff's limitations in sustained work-week attendance and sustained work-day completion, it does not

cure the fact that the RFC is not supported by substantial evidence.[3] A "moderate" limitation means that the claimant's "functioning in this area independently, appropriately, effectively, and on a sustained basis is *fair*." 20 C.F.R. pt. 404, supt. P. app. 1 § 12.00 (F)(2)(c) (emphasis added). A moderate limitation encompasses a wide range of limitations between any limitation that is slightly more than a "mild" limitation and any limitation that is slightly less than a "marked" limitation. Contrary to the government's argument, a moderate impairment does not mean that a plaintiff can necessarily "still function satisfactorily." Notably, an ALJ considers and translates any functional limitations resulting from a "moderate" paragraph B mental limitation into the RFC, but there would be no reason to do so if the applicant's functioning in that respect was necessarily satisfactory. *Cf. Titles II & Xvi: Assessing Residual Functional Capacity in Initial Claims*, SSR 96-8P (S.S.A. July 2, 1996). In the absence of any statement from the ALJ and given the presence of evidence to the contrary, the opinion provides no basis for finding that the ALJ disregarded some but not all of the moderate limitations that it purportedly found persuasive because it found that the Plaintiff can "function satisfactorily" for some but not all of those limitations. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (noting that courts "are constrained to review the reasons the ALJ asserts"); *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1225–26 (9th Cir. 2009) (holding that the court must "review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations").

Lastly, the government argues that because Dr. Shertock did not provide any specifics in her opinion regarding Plaintiff's ability to maintain attendance, complete a workday, or deal with stress, the ALJ did not err by excluding these limitations from the RFC. But "[t]he ALJ in a social security case has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (internal quotations omitted). To the extent that it was unclear what specific attendance limitations

---

[3] Contrary to the government's argument, the Code of Federal Regulations expressly states in relevant part that "[c]linicians may use these terms [including "moderate" limitation] to characterize [a claimant's] medical condition. However, these terms will not always be the same as the degree of [the claimant's] limitation in a paragraph B area of mental functioning." 20 C.F.R. pt. 404, supt. P. app. 1 § 12.00 (F)(3)(a). As such, there appears to be no basis for presuming that the clinician intended the same meaning as the SSA.

7

Plaintiff required based on Dr. Shertock's opinion, that ambiguous evidence triggered the ALJ's duty to "conduct an appropriate inquiry." *Id.* at 1150.

While the ALJ's RFC may adequately account for Plaintiff's moderate difficulty in maintaining concentration, persistence, and pace, the RFC does not account for the attendance-related limitations identified in Dr. Shertock's opinion. Because the ALJ found Dr. Shertock's opinion persuasive as to the moderate limitations it identified but did not give any reasons for rejecting the attendance-related limitations or incorporating them into the RFC, the ALJ erred. On remand, the ALJ is **ORDERED** to develop the record regarding any functional work restrictions resulting from Plaintiff's attendance-related limitations and to incorporate them into the RFC or, alternatively, to explain why those limitations can be disregarded and to support that explanation with substantial evidence.

**IT IS SO ORDERED.**

Dated: April 28, 2025

P. Casey Pitts
United States District Judge

8